# EXHIBIT 2

# EXHIBIT 2

1
2
3
4
5
6

BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Granted)*
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Special Counsel for Debtor*

7
8
9
10
11
12
13

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

14
15

| IN RE: | Case No. 23-10423-mkn |
|---|---|
| CASH CLOUD, INC., d/b/a COIN CLOUD, | Chapter 11 |
| Debtor. | |
| CASH CLOUD, INC. d/b/a COIN CLOUD, | Adv. Pro. No. 25-01087-mkn |
| Plaintiff, | |
| v. | |
| TWILIO INC., | Hearing Date: April 15, 2025 |
| | Hearing Time: 10:30 a.m. |
| Defendant. | |

16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER APPROVING MOTION: (I) PURSUANT TO FED. R. BANKR. P. 9019 TO
AUTHORIZE AND APPROVE SETTLEMENTS BETWEEN DEBTOR AND (1) 7-
ELEVEN, INC.; (2) AMERICAN EXPRESS NATIONAL BANK; (3) SECURETRANS,
INC.; (4) BIBBEO LTD.; (5) CYBERCODERS, INC.; (6) DATAART SOLUTIONS, INC.;
(7) DSH DELIVERY LLC; (8) GRANITE TELECOMMUNCATIONS LLC; (9) H-E-B,**

**LP; (10) LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.; (11) RANDSTAD NORTH AMERICA, INC.; (12) REPUBLIC SILVER STATE DISPOSAL, INC.; (13) SIEMENS INDUSTRY, INC.; (14) SIMON PROPERTY GROUP, INC.; (15) SMITH & SHAPIRO PLLC; (16) TWILIO INC.; AND (17) STATE REGULATORY REGISTRY LLC; AND (II) PURSUANT TO FED. R. BANKR. P. 328, 330, AND 331 FOR AWARD AND PAYMENT OF CONTINGENCY FEE AND EXPENSES**

Coin Cloud, Inc. d/b/a Coin Cloud ("Debtor") filed the *Motion: (I) Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlements Between Debtor and (1) 7-Eleven, Inc.; (2) American Express National Bank; (3) Securetrans, Inc.; (4) Bibbeo Ltd.; (5) CyberCoders, Inc.; (6) DataArt Solutions, Inc.; (7) DSH Delivery LLC; (8) Granite Telecommunications LLC; (9) H-E-B, LP; (10) Love's Travel Stops & Country Stores, Inc.; (11) Randstad North America, Inc.; (12) Republic Silver State Disposal, Inc.; (13) Siemens Industry, Inc.; (14) Simon Property Group, Inc.; (15) Smith & Shapiro PLLC; (16) Twilio, Inc.; and (17) State Regulatory Registry LLC; and (II) Pursuant to Fed. R. Bankr. P. 328, 330, and 331 for Award and Payment of Contingency Fee and Expenses* (the "Motion"),[1] which came on for hearing before the above-captioned Court on April 15, 2025, at 10:30 a.m.  All appearances were duly noted on the record.

The Court reviewed the Motion and all matters submitted therewith.  The Court considered the argument of counsel made at the time of the hearing and found that notice of the Motion was proper.  The Court found that: (i) based on the entire record, Debtor's request for approval of the Settlement Agreements represents the exercise of its sound, properly informed, business judgment; (ii) the Settlement Agreements are in the best interest of the estates and satisfy the requirements of Bankruptcy Rule 9019; and (iii) the Settlement Agreements satisfy the factors set forth in *In re A&C Properties, Inc.,* 784 F.2d 1377, 1381 (9th Cir. 1986).  The Court stated its additional findings of fact and conclusions of law on the record at the hearing on the Motion, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.  Good cause appearing therefor;

**IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:**

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

1    1.    The Motion is GRANTED in its entirety.

2    2.    The terms and conditions included in the Settlement Agreement between Debtor

3    and 7-Eleven, Inc. in the form attached as Exhibit 3 to the Motion is **APPROVED** and Debtor is

4    authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated

5    by such Settlement Agreement.

6    3.    The terms and conditions included in the Settlement Agreement between Debtor

7    and American Express National Bank. in the form attached as Exhibit 4 to the Motion is

8    **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out

9    the transactions contemplated by the such Settlement Agreement.

10    4.    The terms and conditions included in the Settlement Agreement between Debtor

11    and Securetrans, Inc. in the form attached as Exhibit 5 to the Motion is **APPROVED** and Debtor

12    is authorized and directed to enter into, to be bound by, and to carry out the transactions

13    contemplated by such Settlement Agreement.

14    5.    The terms and conditions included in the Settlement Agreement between Debtor

15    and Bibbeo Ltd. in the form attached as Exhibit 6 to the Motion is **APPROVED** and Debtor is

16    authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated

17    by such Settlement Agreement.

18    6.    The terms and conditions included in the Settlement Agreement between Debtor

19    and Cybercoders, Inc. in the form attached as Exhibit 7 to the Motion is **APPROVED** and Debtor

20    is authorized and directed to enter into, to be bound by, and to carry out the transactions

21    contemplated by such Settlement Agreement.

22    7.    The terms and conditions included in the Settlement Agreement between Debtor

23    and DataArt Solutions, Inc.. in the form attached as Exhibit 8 to the Motion is **APPROVED** and

24    Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions

25    contemplated by such Settlement Agreement.

26    8.    The terms and conditions included in the Settlement Agreement between Debtor

27    and DSH Delivery LLC  in the form attached as Exhibit 9 to the Motion is **APPROVED** and

28

Bankruptcy Recovery
Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

1    Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions

2    contemplated by such Settlement Agreement.

3          9.     The terms and conditions included in the Settlement Agreement between Debtor

4    and Granite Telecommunications LLC in the form attached as Exhibit 10 to the Motion is

5    **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out

6    the transactions contemplated by such Settlement Agreement.

7          10.    The terms and conditions included in the Settlement Agreement between Debtor

8    and H-E-B, LP in the form attached as Exhibit 11 to the Motion is **APPROVED** and Debtor is

9    authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated

10   by such Settlement Agreement.

11         11.    The terms and conditions included in the Settlement Agreement between Debtor

12   and Love's Travel Stops & Country Stores, Inc. in the form attached as Exhibit 12 to the Motion

13   is **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry

14   out the transactions contemplated by such Settlement Agreement.

15         12.    The terms and conditions included in the Settlement Agreement between Debtor

16   and Randstad North America, Inc. in the form attached as Exhibit 13 to the Motion is **APPROVED**

17   and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions

18   contemplated by such Settlement Agreement.

19         13.    The terms and conditions included in the Settlement Agreement between Debtor

20   and Republic Silver State Disposal, Inc. in the form attached as Exhibit 14 to the Motion is

21   **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out

22   the transactions contemplated by such Settlement Agreement.

23         14.    The terms and conditions included in the Settlement Agreement between Debtor

24   and Siemens Industry, Inc. in the form attached as Exhibit 15 to the Motion is **APPROVED** and

25   Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions

26   contemplated by such Settlement Agreement.

27         15.    The terms and conditions included in the Settlement Agreement between Debtor

28   and Simon Property Group, Inc. in the form attached as Exhibit 16 to the Motion is **APPROVED**

Bankruptcy Recovery
Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

1    and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions

2    contemplated by such Settlement Agreement.

3         16.    The terms and conditions included in the Settlement Agreement between Debtor

4    and Smith & Shapiro PLLC in the form attached as Exhibit 17 to the Motion is **APPROVED** and

5    Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions

6    contemplated by such Settlement Agreement.

7         17.    The terms and conditions included in the Settlement Agreement between Debtor

8    and Twilio, Inc. in the form attached as Exhibit 18 to the Motion is **APPROVED** and Debtor is

9    authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated

10    by such Settlement Agreement.

11         18.    The terms and conditions included in the Settlement Agreement between Debtor

12    and State Regulatory Registry LLC in the form attached as Exhibit 19 to the Motion is

13    **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out

14    the transactions contemplated by such Settlement Agreement.

15         19.    Debtor is hereby authorized to execute any additional documentation as may be

16    required to implement the terms of the forgoing Settlement Agreements.

17         20.    Pursuant to Sections 328, 330, and 331, BRG, as special counsel for Debtor, is

18    awarded the Contingency Fee of $33,528.43, which shall be paid by Debtor at the time it receives

19    its recovery from the settlements and without the need for further order of the Court.

20         21.    Pursuant to Sections 330 and 331, BRG is awarded reimbursement of actual,

21    necessary expenses incurred in the amount of $16,942.87, which shall be paid by Debtor out of

22    the proceeds of the settlements approved above without need for further order of the Court.

23    . . .

24    . . .

25    . . .

26    . . .

27    . . .

28

Bankruptcy Recovery
Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

5

1    22.    This Court shall retain jurisdiction to enforce this Order and the terms of the

2  Settlement Agreements.

3    **IT IS SO ORDERED.**

4   PREPARED AND SUBMITTED:                                   .

5   BANKRUPTCY RECOVERY GROUP, LLC

6

7   By:    _____
            TALITHA GRAY KOZLOWSKI, ESQ.

8           GARRETT NYE, ESQ.
            7251 Amigo Street, Suite 210

9           Las Vegas, Nevada 89119
            *Special Counsel for Debtor*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **LR 9021 CERTIFICATION**

2

In accordance with LR 9021, counsel submitting this document certifies that the order
accurately reflects the court's ruling and that (check one):

3

4          ☐          The court waived the requirement of approval under LR 9021(b)(1).

5          ☐          No party appeared at the hearing or filed an objection to the motion.

6          ☐          I have delivered a copy of this proposed order to all counsel who appeared
                     at the hearing, and any unrepresented parties who appeared at the hearing,
7                     and each has approved or disapproved the order, or failed to respond, as
                     indicated above.
8

9          ☐          I certify that this is a case under Chapter 7 or 13, that I have served a copy
                     of this order with the motion pursuant to LR 9014(g), and that no party has
10                    objection to the form or content of the order.

11                                              ###

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28