# EXHIBIT 18

# EXHIBIT 18

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered, as of the Effective Date (as defined herein), by and between Twilio Inc. ("Transferee") and Cash Cloud, Inc. d/b/a Coin Cloud ("Debtor"). Transferee and Debtor are each hereinafter referred to as a "Party" and collectively as the "Parties."

## Background

1. On February 7, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), thereby commencing Chapter 11 Case No. 23-10423 (MKN) ("Case");

2. On February 6, 2025, Debtor filed a Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 through and 550 against the Transferee (the "Complaint") before the Bankruptcy Court, under Case No. 23-10423 (the "Action"), relating to the Transfers (as defined below);

3. Debtor has alleged, among other things, that it made transfer(s) totaling $13,776.13 ("Transfers") to Transferee that are allegedly avoidable under the provisions of 11 U.S.C. §§ 547 through 550, which Transferee disputes ("Dispute"); and

4. Following good faith negotiations and to avoid the cost and uncertainty of further litigation, Debtor and Transferee desire to settle and compromise the Dispute on the terms set forth in this Agreement.

Accordingly, the Parties agree as follows:

## Article 1. Effective Date, Payment and Court Approval

1.1 Effective Date of Agreement. This Agreement becomes effective (the "Effective Date") on the date that Debtor delivers to Transferee a copy of the Agreement executed by Debtor. Delivery under this section may be made by email.

1.2 Payment. In exchange for the release described in Section 3.1 of this Agreement, within twenty (20) days after the Effective Date, Transferee shall pay to Debtor $8,000.00 USD (the "Settlement Amount"). Debtor's counsel shall hold the Settlement Amount in its trust account  , and release the Settlement Amount to the Debtor after the Court grants the Approval Motion and the Approval Order becomes a final order. If the Approval Order does not become a final order, Debtor's counsel shall return the Settlement Amount to Transferee in accordance with Section 1.3.4 below. Unless otherwise agreed to by the Parties in writing, the Settlement Amount shall be paid in readily available U.S. Funds and delivered as follows:

Domestic Wire/ACH Instructions

| | |
|---|---|
| Bank Name: | Nevada State Bank |
| | 750 Warm Springs Road |
| | Las Vegas, Nevada 89119 |
| Routing/Transit No: | 122400779 |
| Beneficiary Name: | Bankruptcy Recovery Group |
| Beneficiary Acct No.: | 983523143 |
| Reference: | Coin Cloud Preference Action Settlement |

1.2.1   Debtor shall voluntarily dismiss with prejudice the Complaint within three (3) days after the Approval Order becomes a final order.  Simultaneously with the execution of this Agreement, the Debtor and Transferee shall also enter into a Stipulation extending time for Transferee to answer or otherwise respond to the Complaint, in the form attached hereto as Exhibit A (the "Stipulation").  Debtor shall file the Stipulation in the Action within five (5) days of the Effective Date.  Debtor shall not move to enter default judgment against Transferee in the Action while the Approval Motion is pending.  In the event the Approval Motion is denied, Transferee shall have 21 days thereafter to answer or otherwise respond to the Complaint.  Debtor shall use its best efforts so that the Court does not enter default against Transferee in the Action while the Approval Motion is pending.

1.3   Court Approval.

  1.3.1   9019 Motion. After the Effective Date, Debtor shall, pursuant to Fed. R. Bankr. P. 9019, promptly file a motion with the Bankruptcy Court seeking approval of this Agreement ("Approval Motion"). Debtor shall file the Approval Motion so that it will be set for hearing at the Court's April 2025 omnibus hearing. The Parties agree to use their best efforts to obtain entry of an order granting the Approval Motion ("Approval Order"). The Debtor shall notify the Transferee of the filing of the Approval Motion within three (3) days of filing same.

  1.3.3   Entry of Final Order. This Agreement is contingent upon the Approval Order becoming a final order. For purposes of this Agreement, "final order" means an order that has not been reversed, stayed, modified or amended in a manner that undermines the relief sought in the Approval Motion and for which the time to appeal has expired. If the Approval Order is appealed, the Approval Order does not become a final order until the Approval Order is affirmed.  The Debtor shall notify the Transferee of the Bankruptcy Court's ruling on the Approval Motion within three (3) days of the same.

  1.3.4   Return of Settlement Amount. If the Approval Order does not become a final order, Debtor shall return the Settlement Amount within twenty (20) days of any order or decision denying the Approval Motion in a manner agreed to by the Parties. Upon return of the Settlement Amount, this Agreement shall no longer be binding upon the Parties.

## Article 2. Representations and Warranties

2.1   Representations and Warranties.

2.1.1. Transferee represents and warrants that: (i) Transferee is duly organized, validly existing, and in good standing under the laws of the jurisdiction of its organization; (ii) Transferee is authorized to enter into this Agreement and has full power and authority to execute, deliver and perform its obligations hereunder; (iii) Transferee is the sole owner of all claims released in Section 3.1.2 and has not sold, pledged or otherwise assigned or transferred, in whole or in part, its interest in any such claims; (iv) there are no pending proceedings before any court, arbitrator, administrative body or governmental body that would adversely affect Transferee's ability to enter this Agreement or to perform its obligations hereunder; (v) the individual executing this Agreement on Transferee's behalf is authorized to do so; and (vi) Transferee had an opportunity to consult with legal counsel regarding the terms of this Agreement. If Transferee is a natural person, Sections 2.1(i), (ii) and (v) are inapplicable.

2.1.2. Debtor represents and warrants that: (i) it conducted a good faith search of its records and, to the best of its knowledge, information, and belief, is unaware of any additional payments received from the Transferee between November 9, 2022 to February 7, 2023; (ii) Debtor is authorized to enter into this Agreement and has full power and authority to execute, deliver and perform its obligations hereunder;  (iii) there are no pending proceedings before any court, arbitrator, administrative body or governmental body that would adversely affect Debtor's ability to enter this Agreement or to perform its obligations hereunder; (v) the individual executing this Agreement on Debtor's behalf is authorized to do so; and (vi) Debtor had an opportunity to consult with legal counsel regarding the terms of this Agreement.

## Article 3. Releases and Waivers

3.1   Releases.

       3.1.1.  Releases by Debtor. Upon Debtor's receipt of the Settlement Amount in accordance with Section 1.2, Debtor releases and forever discharges Transferee and its current and former owners, partners, members, principals, agents, employees, professionals, representatives, officers, attorneys, shareholders, directors, assigns, affiliates, subsidiaries, related entities, divisions, predecessors, and successors-in-interest (the "Transferee Released Parties") from any and all liabilities, demands, rights, damages, liens, obligations, indemnities, promises, losses, fees, costs, expenses, causes of action, suits, contributions, debts, dues, charges, compensation, complaints, agreements, expenses, sums of money, accounts, claims (as defined in Section 101(5) of the Bankruptcy Code), and demands, whatsoever, whether in law or in equity, liquidated or unliquidated, known or unknown, suspected or unsuspected, fixed or contingent, direct or indirect, hidden or concealed, and that

arise out of or relate to the Transfers and/or the Dispute, including, without limitation, any Chapter 5 claims that were or could have been asserted against Transferee in the Complaint or the Action.

3.1.2. <u>Releases by Transferee</u>. Upon Debtor's receipt of the Settlement Amount in accordance with Section 1.2, Transferee releases and forever discharges Debtor, Debtor's estate and their current and former owners, partners, members, principals, agents, employees, professionals, representatives, officers, attorneys, shareholders, directors, assigns, affiliates, subsidiaries, related entities, divisions, predecessors and successors-in-interest (the "<u>Debtor Released Parties</u>" and, together with the Transferee Released Parties, the "<u>Releasees</u>") from any and all liabilities, demands, rights, damages, liens, obligations, indemnities, promises, losses, fees, costs, expenses, causes of action, suits, contributions, debts, dues, charges, compensation, complaints, agreements, expenses, sums of money, accounts, claims (as defined in Section 101(5) of the Bankruptcy Code), and demands, whatsoever, whether in law or equity, liquidated or unliquidated, known or unknown, suspected or unsuspected, fixed or contingent, direct or indirect, hidden or concealed, and that arise out of or relate to the Transfers and/or the Dispute, including, without limitation, any Chapter 5 claims that were or could have been asserted in the Complaint or the Action .

3.1.3   <u>Scope of Releases</u>. Nothing in this Agreement is a (i) release or waiver of either Party's obligations under this Agreement or (ii) release of any party other than the Releasees.

3.2   <u>Reserved.</u>

3.3   <u>Reserved.</u>

### Article 4. Miscellaneous

4.1   <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties regarding its subject matter and supersedes any previous oral or written agreements.

4.2   <u>Binding Effect</u>.  This Agreement is binding upon and inures to the benefit of each of the Parties and their respective agents, subsidiaries, employees, officers, directors, predecessors, successors, and assigns.

4.3   <u>Modification</u>. No alteration, amendment or modification to this Agreement is effective or binding unless in writing and signed by both Parties.

4.4   <u>Waiver</u>.  A breach of this Agreement cannot be waived unless in writing. A failure by either Party to enforce its rights under this Agreement is not a waiver of any other rights contained in this Agreement.

4.5 <u>Construction</u>. The Parties jointly negotiated and prepared this Agreement and are satisfied with and fully understand its terms. Accordingly, the Parties agree that the provisions of this Agreement may not be construed or interpreted for or against any of the Parties based upon authorship.

4.6 <u>Pronouns</u>. Use of the pronoun "it" or "its" includes, where applicable, the appropriate male or female pronoun.

4.7 <u>Headings</u>. The headings used in this Agreement are for convenience only and may not be used to construe or interpret this Agreement.

4.8 <u>Severability</u>. Should a court of competent jurisdiction hold that any provision of this Agreement is illegal, invalid, or unenforceable, the remaining provisions of this Agreement will remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious intent of the Parties.

4.9 <u>Governing Law</u>. This Agreement is governed by and construed in accordance with the laws of the State of Nevada without regard to any law concerning the conflicts of laws.

4.10 <u>Retention of Jurisdiction; Consent to Jurisdiction and Venue</u>. The Bankruptcy Court will retain jurisdiction to resolve any disputes regarding this Agreement. The Parties consent to the exclusive jurisdiction and venue of the Bankruptcy Court to resolve any disputes regarding this Agreement.

4.11 <u>No Admission of Liability</u>. Each of the Parties acknowledge this Agreement is a compromise of a disputed claim. Neither the execution of this Agreement nor the payment of the Settlement Amount is an admission of Transferee's liability.

4.12 <u>Original and Counterparts</u>. This Agreement may be executed in separate counterparts, each of which constitutes an original, and all of which constitute a single agreement. It is not necessary, in making proof of this Agreement, to produce or account for more than one complete set of counterparts.

4.13 <u>Attorneys' Fees and Costs</u>. Each Party shall bear its own attorneys' fees and costs.

4.14 <u>Reserved.</u>

4.15 <u>Jury Waiver</u>. THE PARTIES HEREBY VOLUNTARILY, IRREVOCABLY AND UNCONDITIONALLY WAIVE THE RIGHT TO HAVE A JURY RESOLVE ANY DISPUTE BETWEEN THEM THAT ARISES OUT OF OR RELATES TO THIS AGREEMENT.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the dates below.

CASH CLOUD, INC. D/B/A COIN CLOUD

By: *Dan P. Ayala*

Print Name:  Daniel P. Ayala
Print Title:  Independent Director

Date: March 10, 2025

**TWILIO INC.**

By: *Nicholas Murray* (DocuSigned by: CD86E134B91A453...)

Print Name: Nicholas Murray
Print Title: VP, Employment & Litigation

Date: March 12, 2025