BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Granted*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>CASH CLOUD, INC., d/b/a COIN CLOUD,<br><br>   Debtor. | Case No. 23-10423-mkn<br><br>Chapter 11 |
| CASH CLOUD, INC. d/b/a COIN CLOUD,<br><br>   Plaintiff,<br>v.<br><br>TWILIO INC.,<br><br>   Defendant. | Adv. Pro. No. 25-01087-mkn<br><br><br>Hearing Date: April 15, 2025<br>Hearing Time: 10:30 a.m. |

**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF MOTION: (I) PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE SETTLEMENTS BETWEEN DEBTOR AND (1) 7-ELEVEN, INC.; (2) AMERICAN EXPRESS NATIONAL BANK; (3) SECURETRANS, INC.; (4) BIBBEO LTD.; (5) CYBERCODERS, INC.; (6) DATAART SOLUTIONS, INC.; (7) DSH DELIVERY LLC; (8) GRANITE TELECOMMUNCATIONS LLC; (9) H-E-B, LP; (10) LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.; (11) RANDSTAD NORTH AMERICA, INC.; (12) REPUBLIC SILVER STATE DISPOSAL, INC.; (13) SIEMENS INDUSTRY, INC.; (14) SIMON PROPERTY GROUP, INC.; (15) SMITH & SHAPIRO PLLC; (16) TWILIO INC.; AND (17) STATE REGULATORY REGISTRY LLC; AND (II) PURSUANT TO FED. R. BANKR. P. 328, 330, AND 331 FOR AWARD AND PAYMENT OF CONTINGENCY FEE AND EXPENSES**

I, Talitha Gray Kozlowski, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Motion: (I) Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlements Between Debtor and (1) 7-Eleven, Inc.; (2) American Express National Bank; (3) Securetrans, Inc.; (4) Bibbeo Ltd.; (5) CyberCoders, Inc.; (6) DataArt Solutions, Inc.; (7) DSH Delivery LLC; (8) Granites Telecommunications LLC; (9) H-E-B, LP; (10) Love's Travel Stops & Country Stores, Inc.; (11) Randstad North America, Inc.; (12) Republic Silver State Disposal, Inc.; (13) Siemens Industry, Inc.; (14) Simon Property Group, Inc.; (15) Smith & Shapiro PLLC; (16) Twilio, Inc.; and (17) State Regulatory Registry LLC; and (II) Pursuant to Fed. R. Bankr. P. 328, 330, and 331 for Award and Payment of Contingency Fee and Expenses* (the "Motion").[1]

2. I am an attorney licensed to practice law in the State of Nevada. I am a member of Bankruptcy Recovery Group, LLC ("BRG"), which maintains an office in Las Vegas, Nevada at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119. I am admitted to practice law before this Court.

3. After being employed as Debtor's special counsel to prosecute the Chapter 5 Claims, BRG analyzed the Debtor's estate's Chapter 5 Claims against each of the Settling Transferees and sent demand letters accompanied with draft complaints (the "Demand Packages") to each of the Settling Transferees.

4. After receiving the Demand Packages and/or Complaints, each of the Settling Transferees either accepted Debtor's initial settlement offer or provided responses, either asserting defenses, including new value and ordinary course defenses, or making counteroffers to the settlement offers made by Debtor. A brief description of defenses raised by the Settling Transferees is contained in Exhibit 1.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

5. To the extent a Settling Transferee asserted a defense to Debtor's claim, the defenses were reviewed and analyzed, informal discovery was undertaken where necessary, and negotiations ensued.

6. The process above resulted in the proposed settlements summarized on Exhibit 1 and memorialized in the Settlement Agreements attached as Exhibits 3 through 19 ("<u>Settlement Agreements</u>").

7. The settlement amount for each of the claims against the Settling Transferees falls well within the range of litigation possibilities. BRG discussed the claims with the Settling Transferees and, where appropriate, took informal discovery. BRG assessed the information gathered along with Debtors' records and information otherwise available on the docket. Credit for any subsequent new value was provided (11 U.S.C. § 547(c)(4)) and other asserted defenses (if any) were weighted. BRG provided its best estimate of what liability might look like to the Debtor should these matters proceed to litigation. Based on those estimates, these settlements, in aggregate, represent a recovery of 78% of anticipated liability after providing a credit for subsequent new value.

8. BRG was charged with considering and investigating Chapter 5 claims against more than 92 potential targets. BRG invested substantial resources reviewing Debtor's records to identify and then analyze claims against potential transferees. As a result, BRG's efforts included reviewing, analyzing and making recommendations regarding claims that were not viable. The contingency fee agreement does not compensate BRG for these significant efforts that benefited the estate. Rather, these efforts are part of the basket of services BRG provides to the Debtor and the estate.

9. The services provided by BRG were reasonable and necessary under the circumstances of the bankruptcy case and compensation for such fees to BRG is appropriate and should be allowed.

10. BRG seeks payment of its contingency fee of $33,528.43, which will be paid from the settlement proceeds paid by the Settling Transferees.

11. BRG seeks reimbursement for the following reimbursement of expenses advanced

by BRG, which will be paid from the settlement proceeds paid by the Settling Transferees. BRG has not charged for copies.

| Description of Expenses | Amount |
|---|---|
| Postage for mailing | $1,229.70 |
| UPS | $63.17 |
| Pro Hac Application | $250.00 |
| Bankruptcy Court Filing Fees for 44 Adversary Complaints | $15,400.00 |

12. There is no agreement or understanding between BRG and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this bankruptcy case.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 14th day of March 2025.

/s/ *Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.