_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
April 25, 2025

_____

BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Granted*)
Email: gnye@brg.legal
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
Email: wnoall@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Special Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. 23-10423-mkn |
| CASH CLOUD, INC., d/b/a COIN CLOUD, | Chapter 11 |
| Debtor. | |
| CASH CLOUD, INC. d/b/a COIN CLOUD, | Adv. Pro. No. 25-01087-mkn |
| Plaintiff, | |
| v. | |
| TWILIO INC., | Hearing Date: April 15, 2025 |
| Defendant. | Hearing Time: 10:30 a.m. |

**ORDER APPROVING MOTION: (I) PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE SETTLEMENTS BETWEEN DEBTOR AND (1) 7-ELEVEN, INC.; (2) AMERICAN EXPRESS NATIONAL BANK; (3) SECURETRANS, INC.; (4) BIBBEO LTD.; (5) CYBERCODERS, INC.; (6) DATAART SOLUTIONS, INC.; (7) DSH DELIVERY LLC; (8) GRANITE TELECOMMUNCATIONS LLC; (9) H-E-B, LP; (10) LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.; (11) RANDSTAD NORTH AMERICA, INC.; (12) REPUBLIC SILVER STATE DISPOSAL, INC.; (13) SIEMENS INDUSTRY, INC.; (14) SIMON PROPERTY GROUP, INC.; (15) SMITH & SHAPIRO PLLC; (16) TWILIO INC.; AND (17) STATE REGULATORY REGISTRY LLC; AND (II) PURSUANT TO FED. R. BANKR. P. 328, 330, AND 331 FOR AWARD AND PAYMENT OF CONTINGENCY FEE AND EXPENSES**

Cash Cloud, Inc. d/b/a Coin Cloud ("Debtor") filed its *Motion: (I) Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlements Between Debtor and (1) 7-Eleven, Inc.; (2) American Express National Bank; (3) Securetrans, Inc.; (4) Bibbeo Ltd.; (5) CyberCoders, Inc.; (6) DataArt Solutions, Inc.; (7) DSH Delivery LLC; (8) Granite Telecommunications LLC; (9) H-E-B, LP; (10) Love's Travel Stops & Country Stores, Inc.; (11) Randstad North America, Inc.; (12) Republic Silver State Disposal, Inc.; (13) Siemens Industry, Inc.; (14) Simon Property Group, Inc.; (15) Smith & Shapiro PLLC; (16) Twilio, Inc.; and (17) State Regulatory Registry LLC; and (II) Pursuant to Fed. R. Bankr. P. 328, 330, and 331 for Award and Payment of Contingency Fee and Expenses* (the "Motion") on March 14, 2025.[1] The Motion was heard and considered by the above-captioned Court on April 15, 2025, at 10:30 a.m. William M. Noall, Esq. of the Bankruptcy Recovery Group, LLC ("BRG") appeared on behalf of Debtor, Michael N. Beede, Esq. of Andersen Beede Weisenmiller appeared on behalf of Surety Bank, and Candace C. Carlyon, Esq. of Carlyon Cica Chtd. (who waived signature on this Order in open court) appeared on behalf of Chris Mcalary.

The Court reviewed the Motion and all matters submitted therewith. The Court considered the argument of counsel made at the time of the hearing and found that notice of the Motion was proper. The Court found that: (i) based on the entire record, Debtor's request for approval of the Settlement Agreements and other matters represents the exercise of its sound, properly informed, business judgment; (ii) the Settlement Agreements are in the best interest of the estates and satisfy the requirements of Bankruptcy Rule 9019 upon consideration of the factors set forth in *In re A&C*

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

*Properties, Inc.,* 784 F.2d 1377, 1381 (9th Cir. 1986). The Court stated its additional findings of fact and conclusions of law on the record at the hearing on the Motion, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure. Good cause appearing therefor;

**IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:**

1. The Motion is GRANTED in its entirety.

2. The terms and conditions included in the Settlement Agreement between Debtor and 7-Eleven, Inc. in the form attached as Exhibit 3 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

3. The terms and conditions included in the Settlement Agreement between Debtor and American Express National Bank in the form attached as Exhibit 4 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

4. The terms and conditions included in the Settlement Agreement between Debtor and Securetrans, Inc. in the form attached as Exhibit 5 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

5. The terms and conditions included in the Settlement Agreement between Debtor and Bibbeo Ltd. in the form attached as Exhibit 6 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

6. The terms and conditions included in the Settlement Agreement between Debtor and Cybercoders, Inc. in the form attached as Exhibit 7 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

7. The terms and conditions included in the Settlement Agreement between Debtor and DataArt Solutions, Inc. in the form attached as Exhibit 8 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

8. The terms and conditions included in the Settlement Agreement between Debtor and DSH Delivery LLC in the form attached as Exhibit 9 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

9. The terms and conditions included in the Settlement Agreement between Debtor and Granite Telecommunications LLC in the form attached as Exhibit 10 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

10. The terms and conditions included in the Settlement Agreement between Debtor and H-E-B, LP in the form attached as Exhibit 11 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

11. The terms and conditions included in the Settlement Agreement between Debtor and Love's Travel Stops & Country Stores, Inc. in the form attached are Exhibit 12 to the Motion is **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

12. The terms and conditions included in the Settlement Agreement between Debtor and Randstad North America, Inc. in the form attached as Exhibit 13 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

13. The terms and conditions included in the Settlement Agreement between Debtor and Republic Silver State Disposal, Inc. in the form attached as Exhibit 14 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

14. The terms and conditions included in the Settlement Agreement between Debtor and Siemens Industry, Inc. in the form attached as Exhibit 15 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

15. The terms and conditions included in the Settlement Agreement between Debtor and Simon Property Group, Inc. in the form attached as Exhibit 16 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

16. The terms and conditions included in the Settlement Agreement between Debtor and Smith & Shapiro PLLC in the form attached as Exhibit 17 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

17. The terms and conditions included in the Settlement Agreement between Debtor and Twilio, Inc. in the form attached as Exhibit 18 to the Motion are **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

18. The cash received by BRG from the Pequot Police Department equal to the amount that had been inside a kiosk seized by such Department as discussed on Exhibit 1 to the Motion is a collection by BRG for Debtor under BRG's retention agreement for purposes of the compensation of BRG by Debtor.

19. Debtor is hereby authorized to execute any additional documentation as may be required to implement the terms of the forgoing Settlement Agreements.

20. Pursuant to Sections 328, 330, and 330, BRG, as special counsel for Debtor, is awarded the Contingency Fee of $33,528.43, which award is allowed and shall be paid by Debtor at the time it receives its recovery from the settlements and without the need for further order of the Court.

21. Pursuant to Sections 330 and 331, BRG is awarded reimbursement of actual, necessary expenses incurred in the amount of $16,942.87, which award is allowed and shall be

paid by Debtor out of the proceeds of the settlements approved above without need for further order of the Court.

22. This Court shall retain jurisdiction to enforce this Order and the terms of the Settlement Agreements.

**IT IS SO ORDERED.**

| PREPARED AND SUBMITTED: | APPROVED/DISAPPROVED |
|---|---|
| BANKRUPTCY RECOVERY GROUP, LLC | ANDERSEN BEEDE WEISENMILLER |
| By: /s/ Willaim M. Noall<br>WILLIAM M. NOALL, ESQ<br>TALITHA GRAY KOZLOWSKI, ESQ.<br>GARRETT NYE, ESQ.<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>*Special Counsel for Debtor* | By: /s/ Mark Weisenmiller<br>MICHAEL N. BEEDE, ESQ.<br>MARK WEISENMILLER, ESQ.<br>3199 E Warm Springs Rd, Ste 400<br>Las Vegas, Nevada 89120<br>*Attorneys for Surety Bank* |

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###